**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION**

D.A.N. JOINT VENTURE III, L.P.,

                 Plaintiff,

v.                                       CIVIL ACTION NO.  2:25-cv-00543

PRODUCTION EFFICIENCY CORP., et al.,

                 Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is Plaintiff D.A.N. Joint Venture III, L.P.'s Motion for Summary Judgment, [ECF No. 29]. Defendants filed a response in opposition, [ECF No. 33], to which Plaintiff replied, [ECF No. 34]. This matter is stayed as to Defendant Production Efficiency Corp. ("PEC"), and as such, this Order exclusively applies to Defendant Samuel Woods, III. For the reasons set forth below, Plaintiff's motion, **[ECF No. 29]**, is **GRANTED** as to Defendant Woods, and Defendants' Motion to Stay Proceedings, **[ECF No. 41]**, is **DENIED** as to Defendant Woods.

## I.      BACKGROUND

On July 27, 2005, PEC and Mr. Woods executed a promissory note in the sum of $100,020.00 made payable to the Bank of Mingo. [ECF No. 29-1, Ex. I.A.]. On August 1, 2008, PEC and Mr. Woods executed a second promissory note made payable to the Bank of Mingo in the sum of $250,876.00. *Id.* at Ex. I.B. On December 22, 2014, the Bank of Mingo assigned both promissory notes to Plaintiff. *Id.* at Ex. I.

On January 25, 2021, PEC and Mr. Woods entered into a Loan Consolidation and Modification Agreement with Plaintiff as the lender. *Id.* at Ex. I.C. By entering the agreement,

PEC and Mr. Woods "acknowledge[d], ratifie[d], and reaffirm[ed] in all respects and without precondition or qualification . . . [t]he validity and enforceability of all of the Loan Documents." *Id.* The "Loan Documents" were defined in the agreement as documents regarding the July 2005 and August 2008 promissory notes. *Id.* In paragraph nine, PEC and Mr. Woods agreed that in the event of default, Plaintiff was "free to exercise any or all of its rights and remedies under the Loan Documents as modified herein or otherwise at law or equity." *Id.* In paragraph ten, PEC and Mr. Woods agreed that "the Loan Documents and all of their terms, conditions, representations, warranties, covenants and other undertakings are ratified and confirmed, and shall continue in full force and effect." *Id.* Both promissory notes included provisions for the collection of costs and attorney's fees in the event of default. *Id.* at Ex. I.A., B.

"Sometime after January 25, 2021," PEC and Mr. Woods defaulted on the loan. *Id.* at Ex. I. On April 28, 2025, Plaintiff sent Notices of Default and Right to Cure to PEC and Mr. Woods. *Id.* at Ex. I.D. On June 2, 2025, after PEC and Mr. Woods failed to cure, Plaintiff sent Notices of Acceleration and Demand for Payment in Full. *Id.* at Ex. I.E. Neither PEC nor Mr. Woods ever paid, and Plaintiff contends that as of March 17, 2026, Plaintiff is owed $475,511.35, not accounting for collection costs. *Id.* at Ex. I.

On September 5, 2025, Plaintiff filed a Complaint, alleging that PEC and Mr. Woods are jointly and severally liable for monetary damages resulting from breach of contract. [ECF No. 1, at 4]. Plaintiff seeks damages for the unpaid loan principal, pre- and post-judgment interest, and costs of collection, including attorneys' fees and court costs. *Id.* On March 20, 2026, Plaintiff filed a Motion for Summary Judgement, arguing that this case can properly be adjudicated as a matter of law. [ECF No. 29, 30]. Defendants responded, arguing that this matter cannot be decided at

summary judgment because Plaintiff has not sufficiently demonstrated interest or attorneys' fees. [ECF No. 33].

On June 4, 2026, Defendants filed a Motion to Stay Proceedings because PEC filed for bankruptcy. [ECF No. 41]. On the same day, the court ordered that this matter be stayed as to PEC and for the remaining parties to show cause as to whether the matter should be stayed in its entirety. [ECF No. 43]. For the reasons set forth below, the stay is denied as to Mr. Woods, and summary judgment is granted against Mr. Woods.

## II.    LEGAL STANDARD

To obtain summary judgment, the moving party must show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." *The News & Observer Publ. Co. v. Raleigh–Durham Airport Auth.,* 597 F.3d 570, 576 (4th Cir. 2010); *Williams v. Griffin*, 952 F.2d 820, 824 (4th Cir. 1991) ("Disposition by summary judgment is appropriate . . . where the record as a whole could not lead a rational trier of fact to find for the non-movant."). The moving party bears the burden of showing that "there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986). Summary judgment is appropriate when the nonmoving party has the burden

of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp.*, 477 U.S. at 322–23. The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252. Conclusory allegations or unsupported speculation, without more, are insufficient to preclude the granting of summary judgment. *See Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013).

## III.   DISCUSSION

Plaintiff seeks summary judgment for breach of contract, arguing that PEC and Mr. Woods are jointly and severally liable after failing to cure their default under the loan agreement.

### A.   Liability

"In West Virgina, '[a] claim for breach of contract requires proof of the formation of a contract, a breach of the terms of that contract, and resulting damages.'" *Am. Bituminous Power Partners, L.P. v. Horizon Ventures of W. Virginia, Inc.*, 248 W. Va. 572, 577 889 S.E.2d 294, 299 (2023) (quoting *Sneberger v. Morrison*, 235 W. Va. 654, 669, 776 S.E.2d 156, 171 (2015)). "A written contract merges all negotiations and representations which occurred before its execution, and in the absence of fraud, mistake, or material misrepresentations extrinsic evidence cannot be used to alter or interpret language in a written contract which is otherwise plain and unambiguous on its face." Syl. Pt. 1, *Warner v. Haught, Inc.*, 329 S.E.2d 88 (W. Va. 1985).

Here, Mr. Woods admits that he executed the July 2005 and August 2008 promissory notes that were assigned to Plaintiff. [ECF No. 21-3, Ex. III at 3]. Mr. Woods admits that he executed a Loan Consolidation and Modification Agreement with Plaintiff in January 2021. *Id.* Moreover, Mr. Woods admits that sometime after January 2021 he defaulted on his obligations under the agreement, and he failed to cure the default and pay the amount demanded. *Id.* at 3–4.

4

Mr. Woods' admissions reflect that he formed a valid agreement with Plaintiff in which he violated the terms and caused Plaintiff's damage. Plaintiff also submitted loan documents as exhibits, which are comprised of the agreement, terms, and notices sent after default. [ECF 29-1, Ex. I.A–E]. In his response to summary judgment, Mr. Woods further "admitted the existence of the underlying loan documents, the assignments, and the occurrence of default." [ECF No. 33, at 4]. Accordingly, there is no genuine issue of material fact as to the breach of contract claim, and liability is established as a matter of law.

B.    Amounts Owed

For the substantive claim, Plaintiff has demonstrated that it was damaged by the breach, which Mr. Woods also largely concedes by admitting that he failed to pay his obligations. As to the damages calculation, Plaintiff submitted reasonably certain figures supporting its claim for damages that are contractually derived and supported by business records and an account officer with personal knowledge. Defendant also no longer contests the interest rate of $55.28 per diem [ECF No. 49]. Accordingly, I find that the issue of damages can be properly resolved at summary judgment.

Both the account officer's affidavit, [ECF No. 29-1, Ex. I], and the Notice of Acceleration and Demand for Payment in Full, *id.* at Ex. I.E., reflect that the balance owing on June 2, 2025, was $458,710.70. While Mr. Woods does not expressly agree that the $458,710.70 is correct, neither does he meaningfully contest it with evidence demonstrating a genuine issue of material fact. Defendant agrees that the interest rate of $55.28 per diem is supported by the record in accordance with the account officer's supplemental affidavit. [ECF No. 49]. In the account officer's supplemental affidavit, she explained that the per diem interest was based on the

5

contractual 7% per annum interest rate, which amounts to $19,899.69 per year. [ECF No. 34-1, Ex. 1].

Because the $458,710.70 amount owing at the time of the Notice was almost exactly a year ago, the calculation is fairly straightforward. If we add the annual interest rate of $19,899.69 to $458,710.70, Mr. Woods owed $478,610.39 as of June 2, 2026. That leaves ten days of interest that can be added based on the daily interest rate of $55.28. That adds $552.80, which creates a total of $479,163.19 for the principal balance and interest owed since June 2, 2025.

Mr. Woods argues that Plaintiff's motion fails as a matter of law because Plaintiff has "failed to establish its entitlement to attorney's fees and costs in any specific amount." [ECF No. 33, at 4–5]. However, within fourteen days of the entry of judgement, Plaintiff may make "[a] claim for attorney's fees and related nontaxable expenses . . . by motion unless the substantive law requires those fees to be proved at trial as an element of damages." Fed. R. Civ. P. 54(d)(2)(A). Here, attorneys' fees are provided for in the parties' agreement, and they are incidental to the breach of contract claim. *See Ray Haluch Gravel Co. v. Cent. Pension Fund. Of the Int'l Union of Operating Eng'rs.*, 571 U.S.177, 184–89 (2014).

Accordingly, I find that Plaintiff's request for damages is supported by the record and the terms of the promissory notes as incorporated into the parties' Loan Consolidation and Modification Agreement. As such, I order judgment in favor of Plaintiff in the amount of $479,163.19 for the principal balance and interest owed since June 2, 2025, together with post-judgment interest thereon at a rate of $55.28 per day until paid and Plaintiff's reasonable attorneys' fees and costs.

Additionally, Defendants' Motion to Stay Proceedings is denied as to Mr. Woods. The automatic stay generally applies only to the debtor in bankruptcy and not to the debtor's solvent

6

co-defendants in a pending civil action. *See A.H. Robbins v. Piccinin*, 788 F.2d 994, 1000 (4th Cir. 1986). As recognized in *Piccinin*, the automatic stay may be expanded only in the "unusual situation . . . when there is such identity between the debtor and third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." *Id.* This case does not present the unusual circumstances contemplated by *Piccinin*. Not only is there no indication that Mr. Woods has a right of indemnification from PEC, but he is also a co-signor on the loans with his own independent liability exposure. Staying this case in its entirety after discovery has concluded would only serve to prejudice Plaintiff's interest in the timely resolution of this matter.

## IV.    CONCLUSION

Accordingly, Plaintiff's motion, **[ECF No. 29]**, is **GRANTED** as to Defendant Woods, and I **ORDER** judgment in favor of Plaintiff in the amount of **$479,163.19** for the principal balance and interest owed since June 2, 2025, together with post-judgment interest thereon at a rate of $55.28 per day until paid and plaintiff's reasonable attorneys' fees and costs. Defendants' Motion to Stay Proceedings, **[ECF No. 41]**, is **DENIED** as to Defendant Woods.

The court **ORDERS** that Plaintiff file on or before June 26, 2026, a motion for its reasonable costs of collection, including attorneys' fees and court costs, including an itemization supporting all such fees and costs. Defendant Woods may file a response on or before July 6, 2026.

The Scheduling Order, [ECF No. 13], in this case is **VACATED,** and the remaining pre-trial deadlines, trial deadlines, and hearings are cancelled.

The court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented party.

ENTER:        June 12, 2026

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

7